Gilligan *v.* Spiller.

## MICHAEL GILLIGAN *versus* JOSEPH SPILLER *et al.*

If a person who is a constable, appoint one of the justices of the quorum to hear a poor debtor's disclosure of his property affairs, the proceedings of the justice will be invalid, unless it be shown, that, in making the appointment, such person acted in his capacity of constable.

SHEPLEY J. — The suit is upon a poor debtor's bond, made in the usual form. The case is presented on an agreed statement of the facts. After notice to the creditor of his intention, and of the time appointed to take the oath, the debtor selected James Sanders, and the creditor, Church Murch, as the two justices to take the disclosure and administer the oath. Murch refused to act. Sanders then, at the request of the debtor, selected Isaac P. Haynes for the other justice. The disclosure was taken and the oath was administered by Sanders and Haynes, who were of the quorum, and resided in the town where the oath was administered. It is agreed, that Sanders was at that time a constable of the same town. A constable is authorized by the act approved on February 23, 1844, to make such a selection, if he could, as in this case, have legally made a service of the precept.

If he would prevent a forfeiture, the debtor must show affirmatively a performance of one of the conditions of his bond. The record of the proceedings of the justices, signed by Sanders, states, that he selected the other justice, and it does not state, that he did so as a constable. The only capacity in which he is stated in the record to have acted, is that of a justice of the peace, and the only legitimate inference in the absence of other proof is, that he performed all the acts described in the record in that character. Parol evidence might have been received to prove in what manner the other justice was selected. There is no proof that he was selected by Sanders acting as a constable. The mere fact that he was a constable, affords no proof that he acted in that capacity. The facts agreed do not prove that the debtor has performed either of the conditions of his bond.

While the case has been continued to await this decision, the

Legislature passed the act approved on August 11, 1848, which provides, that in all actions of this description, commenced or to be commenced, if it shall appear that the debtor had taken the oath prescribed by the statute, before the breach of his bond, the damages shall be assessed by the jury, if such be the request of either party, and if no such request be made, then by the Court, and that the amount assessed shall be the real and actual damages and no more.

This case comes within the provisions of that act. The parties have agreed to submit it to the decision of the Court. But as they could not have anticipated the passage of such an act to vary their rights, and as the Court by the facts agreed is not informed of such facts as may enable it to form a correct judgment respecting the damages which it is required to assess, the parties must be allowed, after a default has been entered, to introduce further testimony, respecting the damages.

*Defendants to be defaulted and to be heard in damages.*

*Kelley,* for plaintiff.

*Prentiss,* for defendants.